IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD C GOINS,

    Plaintiff,
v.                                                                          CASE NO. 4:17-cv-492-MW-GRJ

JULIE JONES and
SGT. MINCEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Santa Rosa CI, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order. Plaintiff's Complaint, ECF No. 1, is before the Court for screening pursuant to 28 U.S.C. § 1915A.

The Complaint stems from the conditions of confinement at Plaintiff's previous prison, the Northwest Florida Reception Center. Plaintiff, who uses a walker due to physical disability, alleges that defendant Sergeant Mincey discriminated against him based on his race and required him to move to a non-ADA bunk so a Caucasian inmate could take his bunk. Plaintiff alleges that Sergeant Mincey's actions "aggravated" Plaintiff's physical problems. He contends that when he was transferred to Santa

Rosa CI he was evaluated by medical staff, issued a renewed pass for a walker, and assigned to a low bunk.  Plaintiff contends that he has requested pain medication due to the aggravation of his injuries.  ECF No. 1 at 5-9.  Plaintiff seeks injunctive relief as well as nominal, compensatory, and punitive damages against Mincey and DOC Secretary Julie Jones for the alleged violations of his rights under the Eighth and Fourteenth Amendments.  *Id*. at 10-12.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 16-17.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history.  The form used by Plaintiff requied him to disclose information regarding other lawsuits, including whether he initiated other actions in state or federal court dealing with the same facts involved in the instant case, whether he filed other cases either challenging his conviction or otherwise relating to the conditions of confinement, and whether any other cases had been dismissed and counted as a "strike" under 28 U.S.C. § 1915(g).  The form requires Plaintiff to identify the case number, date of dismissal, parties, and other case information.  The form warns that "failure to disclose all prior cases may result in the dismissal of this case." ECF No. 1 at 13-16.  In response to these questions, Plaintiff

checked "yes" in response to the questions as to whether he had a prior strike and whether he had filed other lawsuits challenging his conviction or relating to the conditions of confinement. *Id*. at 14-15. However, Plaintiff then completed the remainder of the form with "N/A" and therefore disclosed none of the required information.

A review of the Court's PACER Case Locator reflects that Plaintiff filed two prior federal civil rights cases that were dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and therefore count as two strikes under § 1915(g): *Goins v. Campbell,* Case No. 4:03-cv-370-RH-WCS (N.D. Fla. 7/7/04); *Goins v. McNeil*, Case No. 3:10-cv-551-LC-EMT (N.D. Fla. 9/1/11). Further, Plaintiff previously sought federal habeas corpus relief in connection with his state conviction: *Goins v. Florida*, Case No. 4:02-cv-326-RH (N.D. Fla. 12/23/02) (dismissing petition as unexhausted); *Goins v. McNeil*, Case No. 4:07-cv-14-RH-EMT (N.D. Fla. 2/11/10) (denying petition). The Court has confirmed that the Plaintiff/Petitioner in these prior cases is the same as the instant case, having DOC inmate number X10624.

Although Plaintiff affirmatively represented that he had filed an

unidentified number and type of prior cases, Plaintiff wholly failed to comply with his obligation to provide identifying case information. Such failure is significant because two of Plaintiff's prior cases count as "strikes" pursuant to § 1915(g). The Court therefore concludes that Plaintiff failed to exercise candor in completing the Complaint form and in attesting that the contents of the Complaint were true, under penalty of perjury.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and *truthfully describe* previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v.*

*McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal.  The four undisclosed prior cases were not so remote in time that Plaintiff can plausibly claim that he cannot recall any identifying information.  It is Plaintiff's obligation to keep up with such information, particularly when prior cases count as "strikes".

In addition, the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction because the Complaint as written fails to state a claim upon which relief may be granted.  There are no factual allegations suggesting that DOC Secretary Jones is liable to Plaintiff on any cognizable legal theory.  The Complaint includes a prayer for injunctive relief, but Plaintiff is no longer incarcerated at NWFRC and therefore any claim for injunctive relief relating to his low bunk assignment and Mincey's actions is moot.

With respect to his Eighth Amendment claims, Plaintiff also seeks compensatory and punitive damages, but such claims are barred by the

Prison Litigation Reform Act ("PLRA").  Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e). "[T]he physical injury must be more than de minimis, but need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated*, 197 F.3d 1059, *reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000); *see Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 n.3 (11th Cir. 2014) (noting that the Eleventh Circuit has not adopted a definition of "de minimis," but acknowledging "one court has described it as 'a physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional'") (quoting *Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tex. 1997).  Plaintiff has alleged no facts showing that any injury sustained as a consequence of his bunk reassignment was more than de minimis, or that Mincey's actions amounted to deliberate indifference in violation of his Eighth Amendment rights.  See *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) ("To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate

indifference to that need; and (3) causation between that indifference and the plaintiff's injury.").

Lastly, Plaintiff seeks nominal damages, which are not necessarily precluded by the absence of physical injury. However, his factual allegations are insufficient to state a claim for a violation of equal protection under the Fourteenth Amendment. To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against based on race, religion, national origin, or some other constitutionally protected basis." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). In cases challenging the actions of correctional officials, exceptionally clear proof of discrimination is necessary. *Fuller v. Ga. Bd. of Pardons and Paroles,* 851 F. 2d 1307, 1310 (11th Cir. 1988). "[M]ere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause." *McKenzie v. Alabama Dept. of Corrections*, 2011 WL 1004875 (M.D. Ala. 2011). Plaintiff conclusionally asserts that Mincey reassigned his bunk due to his race and in order to cause him discomfort, but his conclusional assertions are unsupported by factual allegations showing that the reassignment

stemmed from invidious discrimination.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor, and that dismissal is appropriate because the Complaint in any event fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** as malicious and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IN CHAMBERS** this 15th day of February 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.